IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN E. HODGES,

    Plaintiff,

vs.                                           Civ. No. 98-646 M\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse, or in the Alternative, to Remand for a Rehearing, filed February 8, 1999. The Commissioner denied Plaintiff's request for disability insurance benefits. Plaintiff alleges a disability due to dyslexia and anxiety. He also claims to suffer from an alcohol/drug abuse problem as well as post-traumatic stress disorder (PTSD), dysthymia, and vision in only one eye.

2. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application. The Appeals Council reviewed the ALJ's decision and remanded it back to the ALJ for further development of the record. A second administrative hearing was held. The ALJ again denied the Plaintiff's application for benefits. The Appeals Council did not review the second ALJ decision, thus the final decision of the Commissioner is the second ALJ decision. Plaintiff now seeks review of that final decision

1

pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. *Id.* (citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ erred in making his findings regarding the Plaintiff's mental impairments; 2) the ALJ failed to make a determination of disability before finding that the Plaintiff's drug and alcohol dependence was a material, contributing factor to his disability; and 3) the ALJ failed to include any mental impairment in the hypothetical question he presented to the vocational expert (VE).

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Id.* at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. *Id.* The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. *Id.* (citations omitted). The first four steps of the sequential evaluation process are not at issue in this case. At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity (RFC) to do work in the national economy other than past relevant work. *Id.* at 1487 (citations omitted).

6. The Plaintiff argues first that the ALJ's findings regarding the mental impairments are not supported by substantial evidence and are contrary to law. The ALJ recognized that there is

evidence in the record indicating that the Plaintiff is disabled due to his mental impairments. Tr. 19-20. However, the ALJ did not give this evidence much weight because it did not refer to the time period prior to the Plaintiff's last insured date of June 30, 1991. Tr. 22-24, 26. The Plaintiff contends that the ALJ should have obtained from Dr. Bull[1] an opinion of the extent of the severity of the Plaintiff's mental impairments prior to June 30, 1991.

      7. "It is true that a treating physician may provide a retrospective diagnosis of a claimant's condition. However, the relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status. A retrospective diagnosis without evidence of actual disability is insufficient. This is especially true where the disease is progressive." *Potter v. Secretary of Health & Human Services*, 905 F.2d 1346, 1348-49 (10th Cir. 1990). In other words, although "retrospective diagnosis and subjective testimony can be used to diagnose a physical or mental condition, this type of evidence alone cannot justify an award of benefits." *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since November 1, 1983. Tr. 30. This spotty work record is consistent with the Plaintiff's apparent difficulties in dealing with stress, authority figures, and co-workers. *See* Tr. 18-20 (ALJ's summary of the facts). In fact, the ALJ found that the Plaintiff's social functioning was moderately impaired prior to June 30, 1991. Tr. 23. This evidence of possible disability prior to June 30, 1991 leads me to conclude that the ALJ should have requested a medical opinion regarding the severity of the Plaintiff's mental impairments prior to 1991.

---

[1] I hesitate to characterize Dr. Bull as a treating psychiatrist. He saw Plaintiff only twice, with a 20 year span between visits. Tr. 206.

8. The Plaintiff argues next that the ALJ erred by relying on the medical testimony of Dr. Barry.  The Plaintiff contends that Dr. Barry mischaracterized the cause of PTSD and the nature of dysthymia.  Specifically, the Plaintiff asserts that Dr. Bull's opinions contradict the medical testimony of Dr. Barry on the issues of PTSD and dysthymia.  "The court may not reweigh the evidence or try the issues de novo or substitute its judgment for that of the [Commissioner]."  *Trimiar v. Sullivan*, 966 F.2d 1326, 1328 (10th Cir. 1992).  Moreover, the ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony."  *Fiorella v. Heckler*, 725 F.2d 174, 176 (2nd Cir. 1983).  Accordingly, I find that it is not the Court's place to decide whether the ALJ should have found Dr. Barry's testimony credible.  I also find that the ALJ was not required to reconcile the opinions of Dr. Barry and Dr. Bull, especially considering the subjective nature of mental illness diagnoses.

9. The Plaintiff also argues that the ALJ erred by relying on Dr. Barry's opinion that she could not separate the alcohol problem from the Plaintiff's other mental problems as evidence that the Plaintiff's drug and alcohol abuse was material to his impairments.  *See* Tr. 27, 310.  Dr. Bull stated that he believed that "although [Plaintiff's] substance abuse has probably exacerbated his depressive symptoms and his non-productivity, [his] analysis of the situation is that the substance abuse is secondary, not primary."  Tr. 217.  Even so, the Social Security Administration has apparently decided that "[w]hen it is not possible to separate the mental restrictions and limitations imposed by DAA [drug and alcohol abuse] and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate."  Exhibit A, Response to question 29, EM-29, Emergency Teletype-Questions and Answers Concerning DAA from the July 2, 1996 Teleconference-Medical Adjudicators (attached to Memorandum in Support of

4

Motion to Reverse, or in the Alternative, to Remand for a Rehearing, filed Feb. 8, 1999). Under these circumstances, I find that the ALJ erred in relying on Dr. Barry's opinion to find that the Plaintiff's alcohol and drug abuse was material to his other impairments.

10. The Plaintiff further contends that the ALJ erred by considering the materiality of the drug and alcohol abuse prior to making any determination of disability. 20 C.F.R. §404.1535(a) states that "[i]f we *find that you are disabled* and have medical evidence of your drug addiction or alcoholism we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." (Emphasis added). *See also* Exhibit B, Response to questions 17-19, EM-29, Emergency Teletype-Questions and Answers Concerning DAA from the July 2, 1996 Teleconference-Medical Adjudicators (attached to Memorandum in Support of Motion to Reverse, or in the Alternative, to Remand for a Rehearing, filed Feb. 8, 1999)(ALJ must make finding of disability before making materiality determination). Consequently, the ALJ erred by considering the materiality of the Plaintiff's drug and alcohol abuse when there was no determination of disability.

11. Lastly, the Plaintiff argues that the ALJ erred by failing to include in the hypothetical question to the VE evidence of the Plaintiff's mental impairments. A VE's testimony can provide substantial evidence to support the ALJ's findings only if the hypothetical question presented to the VE adequately reflects the state of the record. *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993); *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). In this instance, the ALJ did not include in the VE hypothetical question any reference to the Plaintiff's mental impairments. Tr. 313. Perhaps the ALJ did not include the mental impairments in the hypothetical because of his belief that the record did not reflect any evidence of disability prior to

5

the date last insured.  However, as noted *supra*, the ALJ did find that the Plaintiff suffered from a moderate impairment of social functioning prior to the date last insured.  Tr. 23.  The ALJ should have included those social limitations in his hypothetical to the VE.

Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse, or in the Alternative, to Remand for a Rehearing.  Specifically, I recommend remanding this matter to the Commissioner so that he shall obtain a retroactive mental diagnosis and consider any evidence of disability prior to June 30, 1991; properly consider the materiality of the Plaintiff's drug and alcohol abuse; and provide an accurate hypothetical question to the VE.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge